# EXHIBIT A

# IN THE CHANCERY COURT FOR MAURY COUNTY, TENNESSEE

| | |
|---|---|
| **TENNESSEE LIVESTOCK PRODUCERS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Docket No.: 23-181** |
| v. ) | **Jury Demanded (12)** |
| ) | |
| **AMERICAN GENERAL LIFE INSURANCE COMPANY** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

Plaintiff, Tennessee Livestock Producers, Inc. ("TLP"), by and through counsel, would show this Honorable Court as follows:

1. TLP is a Tennessee corporation with its principal office located at 147 Bear Creek Pike, Columbia, Maury County, Tennessee 38401.

2. Defendant American General Life Insurance Company ("American General") is an insurance company duly qualified to do business in the State of Tennessee, engaged in the sale and delivery of life insurance within the State of Tennessee. The registered agent for service of process is the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

3. Jurisdiction and venue are proper in this Court.

4. On December 19, 2001, Cecil McNeese entered into an Agreed Judgment in the United States Bankruptcy Court for the Middle District of Tennessee, Case No. 101-01842, whereas TLP was awarded a judgment of $406,006.77. The judgment for TLP was to be funded

through a renewable term life insurance policy upon the life of Cecil McNeese in the amount of $400,000.00, with TLP designated as the beneficiary of the policy.

5.     American General issued policy number UM0070040L (the "Policy"), by which American General insured the life of Cecil McNeese in the amount of $400,000.00. TLP was the designated beneficiary of the Policy.

6.     During the pendency of the Policy, on multiple occasions TLP confirmed with American General both its in-force status and that TLP should be notified prior to any cancellation or lapse of the Policy.

7.     On December 4, 2018, American General issued a grace period notice letter stating the Policy was in its grace period and would terminate if certain premium payments were not received by February 5, 2019 (the "Grace Period Notice Letter"). American General did not send this Grace Period Notice Letter to TLP.

8.     On February 4, 2019, American General issued a letter to Cecil McNeese advising him that the grace period had expired, and the Policy had lapsed for non-payment of the premium (the "Policy Expiration Letter"). American General did not send this Policy Expiration Letter to TLP.

9.     TLP did not receive the Grace Notice Letter until February 13, 2019, when Cecil McNeese's servicing agent, Brady Creel, sent it to TLP via facsimile.

10.    On February 14, 2019, immediately upon receipt of the Grace Period Notice Letter and Policy Expiration Letter, TLP returned the Policy Expiration Letter to American General stating it wished to reinstate the Policy, and asked American General to send the necessary reinstatement requirements. TLP also contacted Brady Creel's office to seek additional information regarding reinstatement of the Policy.

2

11. After receiving no response from American General, TLP sent a follow-up letter to American General on February 22, 2019, asking again for information regarding reinstatement of the Policy, and enclosing a check in the amount of $7,634.40, representing the outstanding premium due on the Policy.

12. Instead of providing information regarding how to reinstate the Policy, American General accepted and deposited TLP's February payment in the amount of $7,634.40, leading TLP to believe the Policy had been reinstated.

13. On May 24, 2019, American General issued a refund to TLP in the amount of $7,634.40. TLP did not deposit the May 24, 2019 refund check.

14. On July 30, 2019, TLP sent a letter to American General, once again seeking information about reinstatement of the Policy.

15. On August 21, 2019, over six months after TLP requested American General send it the reinstatement requirements, American General finally sent the paperwork necessary for reinstatement of the Policy, including the reinstatement application and HIPPA authorization. American General also asked for payment of $7,508.02.

16. Cecil McNeese executed the Reinstatement Application for individual life insurance on September 23, 2019.

17. On September 29, 2019, Cecil McNeese passed away.

18. On October 21, 2019, TLP filed a claim for death benefits with American General, including the completed reinstatement application and the May 24, 2019 refund check in the amount of $7,634.40.

3

19. After receiving no response from American General to its October 21, 2019 claim for death benefits, TLP sent a follow-up letter on February 3, 2020, once again, asking that American General honor the October 21, 2019 death claim and issue payment on the Policy.

20. To date, American General has made no payments to TLP pursuant to the Policy's death benefits.

21. The Policy is a legally binding contract in which TLP is a beneficiary.

22. American General's refusal to pay the death benefit called for by the Policy constitutes breach of contract for which Plaintiff is entitled to damages in the amount of $400,000.00—the contractual death benefit.

**WHEREFORE PLAINTIFF PRAYS that:**

a. Proper process issue and be served upon Defendant American General Life Insurance Company, requiring it to appear and answer within the time allowed by law;

b. A jury of twelve (12) persons to try this cause;

c. Upon the final hearing in this cause, Plaintiff Tennessee Livestock Producers, Inc. recover a judgment in the amount of $400,000.00—the death benefit due under the terms of the Policy;

d. That Plaintiff Tennessee Livestock Producers, Inc. recover all costs of the Court Clerk and its reasonable discretionary costs; and

e. The Court grant any further and equitable relief to which it finds Plaintiff Tennessee Livestock Producers, Inc. is entitled.

Respectfully Submitted,

By: _____
Julie P. Bowling (BPR #25781)
Kelley Strange Shelton (BPR #33568)
PO Box 998
Columbia, TN 38402-0998
Phone: 931-388-7872 Ext. 2287
Fax: 931-840-8640
Julie.Bowling@fbitn.com
Kelley.Shelton@fbitn.com

*Attorneys for Tennessee Livestock Producers, Inc.*

5

| CHANCERY COURT SUMMONS | MAURY COUNTY | COLUMBIA, TENNESSEE |

## STATE OF TENNESSEE
## 22nd JUDICIAL DISTRICT

FILE NO. 23-181

Tennessee Livestock Producers, Inc.

_____ Plaintiff

VS.

American General Life Insurance Company, NAIC #60488

C/O Commissioner of Insurance

500 James Robertson Parkway

Nashville, TN 37243

_____ Defendant

FILED 2023 MAR 30 AM 11:21
LARRY M. ROE, JR.
CLERK & MASTER
MAURY COUNTY TN

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in Chancery Court, Maury County, Tennessee, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgement by default can be rendered against you for the relief demanded in the complaint.

Issued: 3-30, 2023

LARRY M. ROE, JR.
Chancery Court Clerk
Maury County, Tennessee

By: Cindy Edwards
Deputy Clerk

**ATTORNEY FOR PLAINTIFF**   Kelley Strange Shelton;

PO Box 998, Columbia, TN 38402-0998
or                             Address
**PLAINTIFF'S ADDRESS**

**TO THE SHERIFF:**
Please execute this summons and make your return hereon as provided by law. LARRY M. ROE, JR.
Chancery Court Clerk

Received this summons for service this _____ day of _____, 20___.

CHANCERY 03

ADA FOR ASSISTANCE CALL 931-375-1100

SHERIFF

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the_____ day of_____, I

[ ] served this summons and complaint/petition on_____

_____in the following manner:

_____

[ ] failed to serve this summons within 30 days after its issuance because:_____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the_____ day of_____ I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No._____ to the defendant, _____. On the_____ day of_____ I received the return receipt for said registered or certified mail, which had been signed by_____ on the _____day of_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Chancery Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____

DAY OF _____, 20___.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY
OR OTHER PERSON AUTHORIZED BY
STATUTE TO SERVE PROCESS.

_____NOTARY PUBLIC or _____DEPUTY CLERK

MY COMMISSION EXPIRES:_____

### NOTICE

TO THE DEFENDANT(S):
Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgement. If a judgement should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgement becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MAURY

(To be completed only if copy
certification required).

I, Larry M. Roe, Jr., Clerk of the Chancery Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

LARRY M. ROE, JR., CLERK

By:_____D.C.